[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2007
THOMAS K. KAHN
CLERK

No. 06-14249
Non-Argument Calendar

_____

Agency Nos. A96-273-941
A96-273-942

MERCY DEL ROCIO CARDENAS LOPEZ,
CATALINA CAMPUZANO CARDENAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 16, 2007)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner, Mercy Del Rocio Cardenas Lopez, and her daughter,

Catalina Campuzano Cardenas, both natives and citizens of Colombia, seek review

of the final decision of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's ("IJ") final order of removal and denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] Petitioners argue that the IJ's adverse credibility determination was not supported by sufficient evidence because Lopez provided sufficient, plausible explanations for both omissions in her asylum application and her inability to obtain specific corroborating documents. Petitioners argue that they are entitled to asylum because substantial evidence establishes that Lopez suffered past persecution by the Revolutionary Armed Forces of Colombia ("FARC"), and has a well-founded fear of future persecution, based on her association with and membership in various political groups. After careful review, we deny the petition.

We review the BIA's decision "except to the extent the BIA expressly adopts the IJ's decision." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 n.3 (11th Cir. 2005). To the extent the BIA adopts the IJ's decision, we also review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

_____

[1] Because Petitioners did not appeal the denial of withholding of relief under the CAT, those claims are unexhausted and we lack jurisdiction to consider them and DISMISS the petition as to those claims. See Loynem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 n.5 (11th Cir. 2003). As for Petitioners' assertions of error based on the denial of withholding of removal, because we find that Petitioners have not established a case for asylum under the INA, we do not consider whether they satisfied the higher standard for withholding of removal. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

2001). Here, the BIA adopted the IJ's decision and expounded on its reasons for doing so, and, thus, this Court reviews both decisions. Chacon-Botero, 427 F.3d at 956. To the extent that the IJ's and the BIA's decisions were based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, meaning that we "must affirm the BIA's [and the IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). "To reverse the IJ's fact findings, [this Court] must find that the record not only supports reversal, but compels it." See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (addressing withholding of removal under the INA).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail herself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

3

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). "To establish asylum based on past persecution , the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

With respect to political opinion, "[t]he [immigration] statute protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004) (citation omitted). Thus, an applicant seeking asylum on account of persecution by a guerilla group must establish that the guerillas persecuted her, or will persecute her, on account of her actual or imputed political opinion, not the guerilla group's political opinion. Id. at 437-38. Moreover, an asylum applicant may not show merely that she has a political opinion, but must

4

show that she was persecuted because of that opinion or other protected status. INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation[.]" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and citation omitted). There must be "specific, detailed facts showing a good reason to fear that [the petitioner] will be singled out for persecution on account of [his political] opinion." Al Najjar, 257 F.3d at 1287. "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247 1257-58 (11th Cir. 2006).

Here, substantial evidence supports the BIA's decision, as well as the IJ's finding, that Lopez did not establish past persecution based on her political opinion. First, the IJ made an adverse credibility determination as to Lopez's testimony based on inconsistencies between her asylum application, her addendum, and the supporting documentation. The IJ specified and explained the inconsistencies in his order. The IJ also found that Lopez's testimony was, in part, implausible and could have been supported by readily available corroborating

evidence which Lopez did not present.[2] An adverse credibility determination alone

can support the denial of asylum. See Forgue v. Att'y Gen., 401 F.3d 1282, 1287

(11th Cir. 2005); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir.

2004). Moreover, the IJ found that Lopez's conduct, which included traveling to

Spain and to the United States on numerous occasions but then returning to

Colombia, was inconsistent with her claim of past persecution. Cf. Hakeem v.

INS, 273 F.3d 812, 816-817 (9th Cir. 2001) ("An applicant's claim of persecution

upon return is weakened, even undercut, when . . . the applicant has returned to the

country without incident." (citations omitted)).

Although Lopez testified that she received threats from 1996 until she left

the country in 2002, the IJ found it to be "odd and implausible that the respondent

would continue to receive threats over such an extended period of time and that

they [alleged FARC members] basically always asked her for the same thing.

They wanted her to participate with them and collaborate with them and speak for

them and their philosophy." We have held that a petitioner does not satisfy her

---

[2] An IJ may require a petitioner to present corroborating evidence. The REAL ID Act of 2005 provides the following: "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." Pub. L. No. 109-13, Div. B, § 101(e), 119 Stat. 231, 305 (2005). This provision is retroactively applicable to all cases in which the final administrative order was issued before, on, or after May 11, 2005, the effective date of the REAL ID Act, and thus, it applies to the instant petition. Id. at § 101(h)(3), 119 Stat. at 305.

burden to show persecution, under the first prong of the test for past persecution, through evidence of harassment by the FARC based solely on a petitioner's failure to cooperate with the guerillas or to join their forces. See Sanchez, 392 F.3d at 438 (finding that petitioner's claim, based on harassment by FARC guerillas and petitioner's failure to cooperate with the guerrillas or to join their forces, did not establish persecution for purposes of withholding of removal under INA). The IJ described the instant case as "a classic recruitment case." In short, the record does not compel a contrary conclusion as to past persecution.

Because Lopez did not establish past persecution, she was not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Lopez did not have a well-founded fear of future persecution. Because she did not present "specific, detailed facts showing a good reason to fear that [s]he . . . will be singled out for persecution," Sepulveda, 401 F.3d at 1231 (quotation omitted), we are not compelled to conclude that she established a case for asylum based on a well-founded fear of future persecution by the FARC.

In sum, Petitioners have failed to establish that the record compels a finding that the FARC persecuted Lopez, or that she had a well-founded fear of future persecution by the FARC, because of her political opinion, rather than solely on

account of her refusal to cooperate or join forces with the guerillas.  Accordingly, we deny the petition for review.

**PETITION DISMISSED IN PART AND DENIED IN PART.**